UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Robert P. Gallagher, et al.**

    **v.**                                        Case No. 14-cv-115-PB
                                                 Opinion No. 2016 DNH 042

**Funeral Source One Supply
and Equipment Co., Inc., et al.**

**MEMORANDUM AND ORDER**

Robert Gallagher and his firm, Instrument Design and Manufacturing Co. ("IDM"), sued Funeral Source One Supply and Equipment Co., Inc. ("FS1") and Affordable Funeral Supply, LLC ("AFS") for (1) patent infringement, (2) trade dress infringement, (3) violations of the New Hampshire Consumer Protection Act; and (4) unjust enrichment.  On November 4, 2015, I granted defendants' motion for summary judgment as to all of plaintiffs' claims.  Doc. No. 81.  Plaintiffs have filed a motion for reconsideration.  Doc. No. 89.

**I.   STANDARD OF REVIEW**

Reconsideration is "an extraordinary remedy which should be used sparingly."  Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).  Reconsideration is "appropriate only in a limited number of circumstances: if the moving party presents

newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009); see L.R. 7.2(d).  Accordingly, a party cannot use a motion for reconsideration "to undo its own procedural failures" or to "advances arguments that could and should have been presented" earlier.  Id.  A motion for reconsideration is not "a mechanism to regurgitate old arguments previously considered and rejected."  Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (internal punctuation omitted).

## II.  ANALYSIS

Gallagher's[1] motion for reconsideration (Doc. No. 89) raises largely the same arguments that he presented in opposing defendants' motion for summary judgment.  Because my November 4, 2015 Order (Doc. No. 81) addressed these contentions, I decline to engage with Gallagher's arguments point-by-point.  Instead, I respond to four specific criticisms.

### A. Summary Judgment Standard

Gallagher first contends that I misapplied the summary judgment standard by construing evidence in the defendants'

---

[1] Gallagher is the sole owner of IDM. I hereafter refer to plaintiffs collectively as "Gallagher."

2

favor.  This argument focuses primarily on a January 17, 2014 telephone conversation between Gallagher and FS1's president, which, Gallagher argues, gave FS1 actual notice of its alleged patent infringement.  Gallagher asserts that I erred by "effectively decid[ing] that the testimony of Mr. Ward and AFS [was] more credible than the testimony of Mr. Gallagher."  Doc. No. 89-1 at 5.  This argument is patently wrong.

In the November 4 Order, I set out the appropriate standard of review, explaining that "evidence submitted in support of the motion must be considered in the light most favorable to the nonmoving party, drawing all reasonable inferences in its favor."  Doc. No. 81 at 5 (citing Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).  I then applied that standard consistently throughout the order.  In describing the January 2014 exchange in particular, I found that, "[a]ccepting Gallagher's version of the January 17 conversation as true, Gallagher's statements were insufficient to give FS1 actual notice."  Id. at 8 (emphasis added).  Thus, I did not "effectively decide[]" that Gallagher's description of that discussion was not credible.  Instead, I explicitly concluded that, even when I credited Gallagher's account fully, his statements were insufficient to give FS1 actual notice of its alleged infringement.  Gallagher's argument that I made some impermissible credibility determination is therefore meritless.

3

### B. Newly Submitted Evidence

Gallagher next challenges the November 4 Order by pointing, for the first time, to evidence that AFS continued to post a photograph of the allegedly infringing driver on its website long after AFS received actual notice of its alleged infringement. Because Gallagher's opportunity to present this evidence is long past, I reject his argument.

I denied Gallagher's request for injunctive relief because Gallagher had not sufficiently shown that either defendant was likely to infringe his patent in the future. Id. at 14-17. To support this conclusion, I relied in part on an affidavit from an AFS employee, who stated that the company removed the image of the offending driver from its website on April 10, 2014. Id. at 16 (citing Doc. No. 35-1 at 12). Gallagher did not challenge this affidavit, or present contrary evidence, in his objection to the motion for summary judgment. Instead, for the first time in his motion for reconsideration, Gallagher noted that a "photo of the AFS counterfeit injector needle driver could still be found on the AFS website" in November 2015.[2] Doc. No. 89-1 at 2.

---

[2] In response, defendants stated that they only learned of "this apparent vestigial jpg image," which was reportedly stored on a third-party server, when they received Gallagher's initial motion for reconsideration in November 2015. The image has since been deleted, and is no longer available online. Doc. No. 90 at 5.

4

A party cannot use a motion for reconsideration "to undo its own procedural failures" or to "advances arguments that could and should have been presented earlier." Allen, 573 F.3d at 53. Here, Gallagher had ample opportunity to present this evidence before I ruled on the defendants' motion for summary judgment, and failed to do so. See id. ("A court will deny a motion for reconsideration based on the 'new evidence' exception if that evidence in the exercise of due diligence could have been presented earlier.") (alterations, citations and punctuation omitted). He instead waited until his motion for reconsideration; but gave no explanation, let alone an adequate justification, for his delay. See Doc. No. 89-1 at 2. Given that history, I decline to consider Gallagher's late-submitted evidence.

**C.   <u>Patent Infringement Claim</u>**

Next, Gallagher contends that I erred in granting summary judgment as to his patent infringement claim. I granted defendants' motion because Gallagher did "not produce[] evidence that he suffered compensable infringement damages after he provided" actual notice to the defendants of their alleged infringement. Doc. No. 81 at 12. I noted, however, that under some circumstances, a design patent holder can recover a reasonable royalty or $250, even though he cannot prove that the infringer profited from his infringement. Id. at 13 n.10. Yet,

5

because Gallagher did not "base[] his opposition to defendants' summary judgment motion" on that basis, and because the record contained no evidence "to support a possible claim that" he was entitled "to a measurable royalty payment," I declined "to rule against [defendants] on the basis of an argument that Gallagher ha[d] not presented." Id. Gallagher now argues that he is entitled to a reasonable royalty or minimum damages. See Doc. No. 89-1 at 6-7.

As explained above, Gallagher cannot use his motion for reconsideration to "advance arguments that could and should have been presented" previously. Allen, 573 F.3d at 53. In his motion to reconsider, Gallagher neither claims that he in fact presented this argument before, nor explains his failure to raise the issue previously. Moreover, although Gallagher asserts that he is "entitled to reasonable royalty," Doc. No. 89-1 at 6, he presents no evidence upon which a reasonable royalty payment could be based, likely because the record contains no such evidence. See Apple Inc. v. Motorola, Inc., 757 F.3d 1286, 1328 (Fed. Cir. 2014) (reversed on other grounds). I therefore will not entertain Gallagher's argument here.

### D.  Consumer Protection Act Claim

Gallagher finally argues that I erred in granting defendants' motion as to his New Hampshire Consumer Protection

6

Act ("CPA") claim.  I granted defendants' motion because Gallagher presented "insufficient evidence that either defendant acted with the scienter required for a CPA violation."  Doc. No. 81 at 26-27; see Kelton v. Hollis Ranch, LLC, 155 N.H. 666, 668-69 (2007) (explaining that the CPA requires "a degree of knowledge or intent," and that defendants are not liable for a "good faith mistake").  In his motion for reconsideration, Gallagher argues that I "confused" 35 U.S.C. § 287's actual notice standard with the CPA's scienter requirement.  Gallagher is, again, mistaken.

   I did not apply the actual notice standard in considering Gallagher's CPA claim.  I instead concluded that, even when I construed all relevant evidence in the light most favorable to Gallagher, he had not provided sufficient evidence that either defendant acted with the culpable mental state required for a CPA violation.  Gallagher's motion for reconsideration, which merely reiterates his previous contentions on this point, does not convince me otherwise.  I therefore reject Gallagher's argument.

### III.  CONCLUSION

   Unfortunately, it appears that the parties have lost sight of what this case is about.  Gallagher sold his patented driver for a number of years, but (at all times relevant to this suit)

7

failed to mark his product adequately.  AFS bought fifty allegedly infringing drivers from a foreign manufacturer, and then sold forty-eight of those devices for a net profit of less than $1,000.  See Doc. No. 35-1 at 9.  FS1 purchased twenty-five drivers from AFS, which it then resold, also for less than $1000 in profit.  See Doc. No. 35-2 at 5.  Neither defendant sold the "knockoff" device after receiving legally adequate notice of their alleged infringement; both took prompt steps to abate their purported misconduct.  Yet, rather than securing a "just, speedy, and inexpensive" resolution to this dispute, Federal Rule of Civil Procedure 1, the parties have spent two years filing a seemingly endless series of motions - discovery motions, motions to amend, motions to dismiss, motions to reconsider, replies, sur-replies.

In sum, both sides have expended exceptional resources in litigating an unexceptional dispute, and it is time for this to end.  Plaintiffs' motion for reconsideration (Doc. No. 89) is denied.  The clerk shall schedule a status conference to address any outstanding claims.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

March 2, 2016

cc:   Ross Kenneth Krutsinger, Esq.

8

Frank B. Mesmer, Jr., Esq.
Laura L. Carroll, Esq.
Zachary Rush Gates, Esq.